UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOANN WOOD
Plaintiff

v. C.A. No. CA 05 393S

DOMESTIC BANK
Defendant

**COMPLAINT**

This is an action alleging employment discrimination and unlawful retaliation under Title I of Americans With Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq.* ("FMLA"), the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-1 *et. seq.* ("FEPA"), the Rhode Island Civil Rights Of People With Disabilities Act, R.I.G.L. § 42-87-1 *et. seq.* ("CRPDA").

**The Parties**

1. The Plaintiff, Joann Wood ("Wood") is a resident of North Providence, Rhode Island.

2. The Defendant, Domestic Bank, is a Rhode Island loan and investment company, with its principle place of business in Cranston, Rhode Island.

**Jurisdiction and Venue**

3. Subject matter jurisdiction lies with this Court under 28 U.S.C. § 1331 because the instant complaint raises claims under federal law. Supplemental subject matter jurisdiction over the state claims is provided by 28 U.S.C. § 1367.

4. Wood has been granted Notices of Right To Sue by the Equal Employment Opportunity Commission and the Rhode Island Commission For Human Rights.

5. Venue is appropriate in Rhode Island because Wood is a citizen of Rhode Island, Domestic Bank is a registered Rhode Island loan and investment company, and the facts giving rise to the instant Complaint largely occurred in Rhode Island.

**Facts Common To All Counts**

6. Domestic Bank is an "employer" as defined by the ADA, FMLA, FEPA, and CRPDA.

7. Prior to December of 2003, Domestic Bank employed Wood for approximately seven years.

8. In September of 2003, Wood became seriously ill and was granted medical leave by Domestic Bank. The medical leave was to expire in early December 2003.

9. On September 16, 2003, Wood's right foot was surgically amputated. As a result, Wood is "disabled" as defined by the ADA, FEPA, and CRPDA.

10. In early November 2003, Wood indicated to Domestic Bank that she was medically able to return to work from her leave of absence. At the time, Wood was restricted to a wheelchair, but was expecting the delivery of a prosthetic foot that would allow her to ambulate by crutches.

11. Domestic Bank indicated to Wood that her former position had been filled, but offered her a position in another department.

12. Wood could not accept the new position because it was located in a portion of the bank that did not have a wheelchair accessible bathroom. Additionally, Domestic Bank told Wood that it's handicap parking was reserved for customers only, and therefore, she would have to park in a remote off-site location, making access unduly difficult.

13. On or about November 24, 2003, while still on medical leave, Wood requested Domestic Bank provide her an additional four weeks of medical leave in order for her to receive and master the use of her prosthetic foot, thus enabling her to access Domestic Bank's building.

14. On or about December 9, 2003, Domestic Bank rejected Wood's request, and terminated her employment.

## Causes of Action

### COUNT I
### (Violation of the ADA; Discrimination)

15. Wood hereby incorporates the allegations contained in paragraphs 1 through 14 as stated above.

16. Domestic Bank terminated Wood based on her disability in violation of the ADA.

17. Domestic Bank's unlawful discrimination against Wood was intentional, malicious, and/or carried out with a reckless and callous indifference to her statutorily protected rights.

18. As a result of Domestic Bank's violation of the ADA, Wood has suffered damages.

### COUNT II
### (Violation of FEPA; Discrimination)

19. Wood hereby incorporates the allegations contained in paragraphs 1 through 14 as stated above.

20. Domestic Bank terminated Wood based on her disability in violation of the FEPA.

21. Domestic Bank's unlawful discrimination against Wood was intentional, malicious, and/or carried out with a reckless and callous indifference to her statutorily protected rights.

22. As a result of Domestic Bank's violation of the FEPA, Wood has suffered damages.

**COUNT III**
**(Violation of CRPDA; Discrimination)**

23. Wood hereby incorporates the allegations contained in paragraphs 1 through 14 as stated above.

24. Domestic Bank terminated Wood based on her disability in violation of the CRPDA.

25. Domestic Bank's unlawful discrimination against Wood was intentional, malicious, and/or carried out with a reckless and callous indifference to her statutorily protected rights.

26. As a result of Domestic Bank's violation of the CRPDA, Wood has suffered damages.

**COUNT IV**
**(Violation of the FMLA; Retaliation)**

27. Wood hereby incorporates the allegations contained in paragraphs 1 through 14 as stated above.

28. Domestic Bank has violated the FMLA by terminating Wood due to her exercising her rights to medical leave.

29. Domestic Bank's violation of the FMLA was willful.

30. As a result of Domestic Bank's violation of the FMLA, Wood has suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Wood prays that this Honorable Court:

A. Enter judgment against the defendant Domestic Bank;

B. Permanently enjoin the defendant from violating the ADA, FEPA, CRPDA and FMLA;

C. Order affirmative relief, including back pay and monetary damages for emotional pain and suffering;

D. Award punitive damages on the ADA, FEPA, and CRPDA claims;

E. Award attorneys' fees and costs;

F. Award interest on the amount awarded; and

G. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOANN WOOD,
By her attorney

ANDREW BERG Bar No. 4754
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113
(401) 274-0175

**JURY DEMAND**

Plaintiff hereby demands a jury trial of all issues subject to determination by jury.

Dated: September 14, 2005